IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE GORE,<br>　　　　Plaintiff,<br>vs.<br><br>TRANS UNION LLC and EDFINANCIAL,<br>LLC,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br>Civil Action No. 3:23-CV-1199-E-BH<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the *Motion for Leave to File Amended Complaint*, filed August 29, 2023 (doc. 30), is **GRANTED**.

### I.  BACKGROUND

On February 27, 2023, the *pro se* plaintiff sued a national credit reporting bureau and a national student loan servicer, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (FCRA), and the Texas Business and Commerce Code, resulting from inaccurate information in his credit report. (*See* doc. 1-3 at 8-11.)[2] The credit reporting bureau removed the action from state court on May 24, 2023, contending that it first received notice that the case was removable on May 3, 2023, when the plaintiff responded to discovery requests regarding the amount of damages he was seeking. (*See* doc. 1 at 2-3.)[3]

The plaintiff has previously attempted to amend his complaint but has been unsuccessful due to procedural deficiencies. (*See* docs. 11-15, 29.) Well within the time for amendment of pleadings, he again seeks leave to file an amended complaint to add new claims under the FCRA and state law

---

[1]By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3]On motion of the plaintiff, his claims against the student loan servicer were dismissed prior to removal. (*See* doc. 1-3 at 55.)

that he claims are closely related to the issues in this case and arise from the same factual circumstances as his current claims. (*See* doc. 30.)[4] The defendant opposes amendment based on a failure to confer in good faith, futility, and prejudice. (*See* doc. 39.)

## II.  MOTION FOR LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading once as a matter of course within 21 days after serving it, or if a responsive pleading is required, within 21 days of receiving the responsive pleading or a motion under Rule 12(b), (e), or (f).  Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982).  A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).  Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998).  There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. David*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

### A.     Failure to Confer

The defendant argues that leave to amend should be denied because the plaintiff failed to meaningfully confer before filing the motion, as evidenced by a 3:10 a.m. inquiry regarding opposition to the motion followed by the filing of the motion 30 minutes later. This timing indeed reflects

---

[4]The scheduling order dated June 20, 2023, set a deadline for filing motions for leave to amend pleadings of October 20, 2023.  (*See* doc. 7.)

gamesmanship rather than a meaningful attempt to confer, and it will not be tolerated. Nevertheless, the plaintiff previously filed a motion seeking leave to file the same amended complaint and that contained a detailed certificate of a meaningful conference between the parties. (*See* docs. 15, 15-1.) Because he failed to attach his proposed amended complaint as required by the local rules, however, the motion was denied without prejudice to refiling. Because the parties have meaningfully conferred regarding the proposed amended complaint, there is no reason to deny the motion on this basis.

B.  **Futility and Prejudice**

In the context of Rule 15(a), the Fifth Circuit has interpreted futility to mean that "the amended complaint would fail to state a claim upon which relief could be granted," so courts must apply the same standard as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Leave to amend does not need to be granted when the amended complaint would not defeat a motion to dismiss. *See id*. The issue of futility, however, is better addressed "in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." *Smallwood v. Bank of Am.*, No. 3:11-CV-1283-D, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011); *see also McDade v. Wells Fargo Bank, N.A.*, No. H-10-3733, 2011 WL 4860023 at *4 (S.D. Tex. Oct. 13, 2011) (explaining that in the context of a motion for leave, futility means that "the amended complaint would fail to state a claim upon which relief could be granted") (quoting *Stripling*, 234 F.3d at 873). Ii is the court's "'almost unvarying practice when futility is raised [in response to a motion for leave to amend] to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion.' " *Maynard v. Paypal, Inc.*, No. 3:18-CV-0259-D, 2018 WL 5776268, at *5 (N.D. Tex. Nov. 2, 2018) (quoting *Garcia v. Zale Corp.*, No. 3:04-CV-1917-D, 2006 WL 298156, at *1-2) (N.D. Tex. Feb. 1, 2006) (quoting *Poly-America, Inc. v. Serrott Int'l Inc.*, No. 3:00-CV-1457-D, 2002 WL 206454, at

3

\*4-5 (N.D. Tex. Feb. 7, 2002)); *Quanah Serv., Inc. v. Security Bank*, No. 7:20-CV-00027-O, 2020 WL 6119910, at \*3 (N.D. Tex. July 1, 2020) (noting "the Northern District of Texas's 'almost unvarying practice ...'").

Here, despite his prior failed motions, this is the plaintiff's first amendment.  His proposed amended complaint asserts new claims related to his existing claims.  The defendant's arguments concerning prejudice are intertwined with its futility arguments. Moreover, notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs *several* opportunities to state a claim upon which relief can be granted.  *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at \*1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at \*2 (N.D. Tex. Feb. 13, 2001).  Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed by a court order.  *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at \*2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at \*2.  Allowing him an opportunity to amend will allow the plaintiff an opportunity to plead his best case.

Having considered the relevant factors, there is no "substantial reason" to deny the plaintiff's motion for leave to amend his complaint. *See Jacobsen*, 133 F.3d at 318.

### III.  CONCLUSION

The plaintiffs' motion for leave to amend is **GRANTED**.  The Clerk's Office shall file the proposed first amended complaint filed with his motion.

**SO ORDERED** on this 22nd day of September, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE