IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE M. GORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1199-E-BN |
| | § | |
| TRANS UNION LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Through a *pro se* amended complaint filed after Defendant Trans Union LLC removed this lawsuit to federal court, Plaintiff Terrence M. Gore asserts claims under the Fair Debt Collections Practice Act and Chapter 20 of the Texas Business and Commerce Code. *See* Dkt. No. 38.

After this pleading was filed, Trans Union answered, *see* Dkt. No. 39, and moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and dismissal of Gore's claims because those claims are barred by res judicata, *see* Dkt. No. 67-69.

This lawsuit was then transferred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown. *See* Dkt. No. 74.

It does not appear that Gore responded to Trans Union's December 5, 2023 Rule 12(c) motion. And, while the deadline to do so has passed, *see* N.D. TEX. L. CIV. R. 7.1(e), the parties fully briefed substantially the same motion in a parallel case,

*see Gore v. The Higher Educ. Loan Auth. of The State of Mo.*, No. 3:23-cv-1417-E-BN (N.D. Tex.), Dkt. Nos. 53-55 & 63-67.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should grant the motion for judgment on the pleadings and enter judgment dismissing Gore's claims.

And the Court will address the pending sanctions motions through a separate order.

**Legal Standards**

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Robinson v. Midland Cnty., Tex.*, 80 F.4th 704, 709 (5th Cir. 2023) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is

plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see also Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

As these cases reflect, Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as

true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

In sum, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*, 920 F.3d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citation omitted)).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where

there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

"To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would '"transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."' *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents

of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g.*, *Klaizner v.*

*Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

## Analysis

> In *Gore v. Trans Union LLC*, Cause No. DC-22-15076 (Dallas County Dist. Ct., 95th Judicial Dist.), filed on October 5, 2022, Plaintiff sued Trans Union under the Texas credit reporting statute, Tex. Bus. & Com. Code § 20.01, et seq., arguing that Trans Union was publishing inaccurate information on his credit report and in his credit history starting in January 2022. In particular, Plaintiff argued that his credit report was inaccurate because Trans Union was reporting a bankruptcy from 2015 that Plaintiff believed should have been removed because it was reporting for more than seven years. Plaintiff further alleged that inaccurate and derogatory information on his credit report and in his credit history is "having a harmful effect on [his] credit standing and has prevent [sic] Plaintiff from entering into financial transactions to benefit his business." Thus, Plaintiff contended that the inaccuracy on his credit report has caused him to suffer "injury in fact."
> Trans Union filed a no-evidence Motion for Summary Judgment on the grounds that Plaintiff's credit report did not contain inaccuracies. The Court agreed and rendered a final take-nothing summary judgment against Plaintiff on July 5, 2023, and awarded Trans Union $37,184.70 in attorney' fees and costs as the prevailing party. Plaintiff is pursuing an appeal in the 5th District Court of Appeals in Dallas.

Dkt. No. 68 at 7-8 (cleaned up); *see also Gore v. Equifax Info. Servs.*, No. 05-23-00659-CV (Tex. App – Dallas), *available at* https://search.txcourts.gov/Case.aspx?cn=05-23-00659-CV&coa=coa05 (last visited Feb. 5, 2024).

Public documents from other judicial proceeding "are of a kind that must *always* be considered in disposition of a *res judicata* defense in a Rule 12(c) motion." *Van Duzer v. U.S. Bank Nat. Ass'n*, 582 F. App'x 279, 283-84 (5th Cir. 2014) (per curiam) (emphasis in original; citing *Funk v. Stryker Corp.*, 631 F.3d 777, 782-83 (5th

Cir. 2011)). Trans Union provides those to the Court through an appendix to the Rule 12(c) motion. *See* Dkt. No. 69.

And, where a court's ruling on a Rule 12(c) motion turns on Rule 12(b)(6)'s legal standards, "dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the pleadings and judicially noticed facts." *Basic Capital*, 976 F.3d at 591 (cleaned up; quoting *Kahn v. Ripley*, 772 F. App'x 141, 142 (5th Cir. 2019) (per curiam)).

> Texas law, not federal law, applies when a federal court determines the preclusive effect of a Texas judgment. *Basic Capital*, 976 F.3d at 591. And the Texas standard is articulated in a slightly different way, requiring: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Cox v. Nueces Cnty.*, 839 F.3d 418, 421 (5th Cir. 2016) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

*Matter of 3 Star Props., L.L.C.*, 6 F.4th 595, 604-05 (5th Cir. 2021) (cleaned up).

The second element is not reasonably contested. The parties are identical. And Trans Union has demonstrated that the other two elements have been met.

> First, the state court decision was final. To be "final" for purposes of claim preclusion, a judgment must be both comprehensive and definite. A judgment gets preclusive effect when it "settles all rights adjudicated between the parties so that the substantive rights vindicated in it are vested rights" but not "when outstanding issues remain in the action." Additionally, a final judgment must be the "the 'last word' of the rendering court." A judgment is res judicata once the trial court loses plenary power to amend or alter it.

*Tejas Motel, LLC v. City of Mesquite*, 63 F.4th 323, 329-30 (5th Cir. 2023) (footnotes omitted).

The trial court's judgment against Gore and awarding Trans Union fees and

costs, although on appeal, has not been superseded and is therefore final – it "dispatched with all of [Gore's] claims by granting" Trans Union's motion for summary judgment. *Id.* at 330; *see also Gulf Ins. Co. v. Clarke*, 902 S.W.2d 156, 159-60 (Tex. App. – Houston [1st Dist.] 1995, writ denied) (concluding that "a judgment is final … if the judgment disposes of all issues and parties in the case, the trial court's power to alter the judgment has ended, and execution on the judgment, if appealed, has not been superseded" (discussing *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1 (Tex. 1986); *Street v. Hon. Second Ct. of Appeals*, 756 S.W.2d 299 (Tex. 1988))).

The pendency of Gore's appeal does not alter the judgment's finality. "[A] Texas state court's 'judgment is final for the purposes of issue and claim preclusion despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo.'" *In re Owsley*, No. 2:20-cv-00171, 2021 WL 3033120, at *12 (S.D. Tex. July 17, 2021) (quoting *Scurlock Oil*, 724 S.W.2d at 6; citations and footnote omitted); *see also id.* at *12 n.12 ("Note that this principle articulated in *Scurlock Oil* represented an intentional change in Texas law at that time," to prevent the litigant aggrieved by a Texas trial court's judgment from appealing in Texas "and then, during the pendency of that appeal, [seeking] and obtain[ing] relief in [another forum] which for all practical purposes [would] nullif[y] the [prevailing litigant's] beneficial Texas ruling." (citations omitted)).

And, as Trans Union points out, the pending appeal in state court, of a no-evidence summary judgment, does not involve a trial de novo. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003) ("A no-evidence summary judgment

- 9 -

is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." (collecting cases)).

Nor is the finality of the judgment altered if it did not resolve any disputes between Gore and defendants other than Trans Union. *See Tejas Motel*, 63 F.4th at 331 ("[A]lthough the rights of 'all' parties often need to be resolved before a judgment is 'final' for appeal, a 'judgment may be final in a res judicata sense as to a part of an action although the litigation continues as to the rest.'" (footnotes omitted)).

That leaves the third element: the relationship between the claims. And, "[u]nder Texas law, the claims need not be the same so long as those brought in the second action are 'based on' those in the first or 'could have been raised' then." *3 Star Props.*, 6 F.4th at 605 (quoting *Cox*, 839 F.3d at 421).

> To determine what claims could have been raised in the first action, Texas follows a "transactional approach," under which "a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992). This determination "requires an analysis of the factual matters that make up the gist of the complaint." *Id.* at 630. "Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Id.*

*Basic Capital*, 976 F.3d at 592; *cf. 3 Star Props.*, 6 F.4th at 607 ("Res judicata 'ensures that a defendant is not twice vexed for the same acts' and 'achieves judicial economy by precluding those who have had a fair trial from relitigating claims." (cleaned up; quoting *Amstadt*, 919 S.W.2d at 653)).

The gist of Gore's complaint against Trans Union in this lawsuit is that it reported inaccurate information on his credit report. In the operative complaint, Gore

alleges that the events underlying his current claims against Trans Union occurred in January 2023, March 2023, April 2023, and May 2023, prior to the entry of judgment in the first case. *See* Dkt. No. 38 at 2-3. And Gore alleges that he chose to file this second action against Trans Union (in February 2023) as opposed to amending his claims in the pending lawsuit. *See id.* at 6 ("In October 2022, the Plaintiff initiated a distinct legal action against Trans Union due to the entity's retention of outdated data in the Plaintiff's credit report. Upon ascertaining that Trans Union was not undertaking negotiations in a fair and equitable manner, the Plaintiff elected to cease any informal settlement discussions with the Defendant, Trans Union."); *see also* Dkt. No. 1-3 at 8-26 (initial state court petition).

So, applying Texas's transactional approach, Gore's own allegations demonstrate that the claims here could have been filed in the first state court action.

The Court should therefore find that res judicata both bars Gore's claims against Trans Union in this lawsuit and shows why leave to amend is currently futile. *See Robinson v. U.S. Bank, N.A.*, No. 3:19-cv-101-G, 2019 WL 5869727, at *6 (N.D. Tex. Nov. 8, 2019) ("As Robinson's claims in the instant action are barred by *res judicata*, any amendment to her complaint would be futile." (citation omitted)).

But "[t]he pendency of the state court appeal … affect[s] how the Court disposes of [Gore's] claim[s]" against Trans Union. *Rice v. Bobyk*, Civ. A. No. 3-11-403, 2012 WL 5880697, at *4 (S.D. Tex. Nov. 21, 2012) (observing that, "[w]hile adopting the Restatement position that a judgment is given preclusive effect even when it is being appealed, the *Scurlock* court did counsel that a 'judgment in a second

case based on the preclusive effects of a prior judgment should not stand if the first judgment is reversed'" (citation omitted)).

Accordingly, the Court should dismiss Gore's claims against Trans Union "without prejudice to being refiled in the event that the county court's decision is reversed on appeal." *Id.* (citation omitted).

**Recommendation**

The Court should grant Defendants Trans Union LLC's motion for judgment on the pleadings [Dkt. No. 67] and enter judgment dismissing the claims against the claims against Trans Union without prejudice to being refiled if the state trial court's decision on which res judicata is based is reversed on appeal.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 5, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE