IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE M. GORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1199-E-BN |
| | § | |
| TRANS UNION LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Through a *pro se* amended complaint filed after Defendant Trans Union LLC

("TU") removed this lawsuit to federal court, Plaintiff Terrence M. Gore asserted

claims under the Fair Debt Collections Practice Act ("FDCPA") and Chapter 20 of the

Texas Business and Commerce Code ("TBCC"). *See* Dkt. No. 38.

After this pleading was filed, TU answered, *see* Dkt. No. 39, and moved for

judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and dismissal

of Gore's claims because those claims are barred by res judicata, *see* Dkt. No. 67-69.

Management of this lawsuit was then transferred to the undersigned United

States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference

from United States District Judge Ada Brown. *See* Dkt. No. 74.

The undersigned entered findings of fact and conclusions of law recommending

that the Court grant the motion for judgment on the pleadings and enter judgment

dismissing Gore's claims [Dkt. No. 85] (the "FCR").

Over Gore's objections, the Court accepted the FCR and entered judgment

granting the Rule 12(c) motion and dismissing this lawsuit without prejudice to it being refiled if the state trial court's decision on which res judicata is based is reversed on appeal. *See* Dkt. Nos. 85 & 87-91.

Gore then appealed, and his appeal was dismissed for want of prosecution. *See* Dkt. Nos. 99 & 100.

And, under Federal Rule of Civil Procedure 54(d)(2) and the TBCC, TU moves for its attorneys' fees and costs. *See* Dkt. Nos. 93-95. It also moves for a hearing on this request. *See* Dkt. Nos. 101 & 102. And Gore moves to extend his time to respond (and subsequently responded to the request). *See* Dkt. Nos. 103 & 104.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should grant TU's requests for attorneys' fees and costs and deny as moot its motion for a hearing and Gore's request for an extension. *Cf.* FED. R. CIV. P. 54(d)(2)(D) ("[T]he court may refer … a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.").

## Legal Standards

Texas law applies to TU's request for fees as a prevailing party on a claim made under Texas law. *See Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 230 (5th Cir. 2005) ("The award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claims." (footnote omitted)); *accord Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of

decision.").

"In Texas, parties are generally required to pay their own attorney's fees unless a statute or contract provides otherwise." *D2 Excavating, Inc. v. Thompson Thrift Constr., Inc.*, No. 21-40629, 2023 WL 3562992, at *3 (5th Cir. May 19, 2023) (per curiam) (citing *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017); footnote omitted).

And TU moves for fees under a statute, the TBCC, which "mandates an attorney's fee award for the 'prevailing party.'" *Gore v. Trans Union LLC*, No. 05-23-00659-CV, 2024 WL 4449499, at *6 (Tex. App. – Dallas Oct. 9, 2024, time to file pet. extended to Mar. 31, 2025) (quoting Tᴇx. Bᴜs. & Cᴏᴍ. Cᴏᴅᴇ § 20.08(c); rejecting Gore's argument that this provision of Texas law was preempted by federal law; and affirming the award of fees to TU as a prevailing party).

And "Texas law is settled that a defendant who successfully defends against an affirmative claim and secures a take-nothing judgment qualifies as a prevailing party." *Shallenberger v. Croghan Family, LLC*, No. 7:18-cv-55-M-BP, 2020 WL 10050771, at *13 (N.D. Tex. May 1, 2020) (citing *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 486 (Tex. 2019)).

But, "[u]nder Texas law, 'if any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees.'" *Thomas v. Hughes*, 27 F.4th 995, 1020 (5th Cir. 2022) (quoting *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006)).

And, under Texas law, a prevailing party authorized "to obtain attorney's fees

from the opposing party" still "must prove that the requested fees are both reasonable and necessary." *Aircraft Holding Sols., LLC v. Learjet, Inc.*, No. 3:18-cv-823-D, 2023 WL 5311486, at *3 (N.D. Tex. Aug. 17, 2023) (quoting *Rohrmoos*, 578 S.W.3d at 489 (citing *Nat'l Lloyds*, 532 S.W.3d at 809)).

> The preferred method of federal courts calculating reasonable attorneys' fees under Texas law is the lodestar method. *See Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 852 (S.D. Tex. 2017) (citing *Rappaport v. State Farm Lloyds*, 275 F.3d 1079 (5th Cir. 2001) (per curiam)). The lodestar method is a two-step process. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016). First, courts calculate the lodestar by multiplying the "number of hours reasonably expended ... by the prevailing hourly rate in the community for similar work." *Id.* at 392 (internal quotation marks omitted).

*Wease v. Ocwen Loan Servicing*, No. 3:13-cv-4107-B, 2021 WL 4991079, at *2 (N.D. Tex. Oct. 27, 2021).

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).

And, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing. It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015).

After calculating the lodestar, "Texas courts then apply the eight *Arthur Andersen* factors to determine whether the lodestar should be adjusted." *Wease*, 2021 WL 4991079, at *2 (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); footnote omitted).

These factors are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at *2 n.7 (formatting modified; quoting *Arthur Andersen*, 945 S.W.2d at 818).

"[T]he base lodestar figure accounts for most of the relevant *Arthur Andersen* considerations." *Rohrmoos*, 578 S.W.3d at 500.

And "[t]he relevant factors are similar to those articulated in *Johnson[ v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).]" *El Campo Ventures LLC v. Stratton Secs. Inc.*, No. 1:20-CV-00560-RP, 2022 WL 1518926, at *4 (W.D. Tex. Feb. 1, 2022) (footnote omitted), *rec. adopted*, 2022 WL 17735386 (W.D. Tex. Aug. 23, 2022).

And, in the end, the Court need only "provide a reasonably specific explanation for all aspects of a fee determination." *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017) (cleaned up). So "rulings on fee awards need not 'be so excruciatingly explicit' that those decisions 'consume more paper than did the cases from which they arose.'" *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432-33 (5th Cir. 2017) (per curiam) (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d

220, 228-29 (5th Cir. 2008)). Instead, this Court's "analysis [must be] 'complete enough' for [the United States Court of Appeals for the Fifth Circuit] to review 'whether the [C]ourt has used proper factual criteria in exercising its discretion to fix just compensation.'" *Id.* (quoting *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986)).

"Federal Rule of Civil Procedure 54(d)(1) permits a district court to provide costs, other than attorney's fees, to the 'prevailing party.'" *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam). And, in this circuit, the "rule is that: Unless a federal statute, the Federal Rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." *Vital v. Nat'l Oilwell Varco, L.P.*, 685 F. App'x 355, 360 (5th Cir. 2017) (per curiam) (cleaned up); *see also Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006) ("There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs.").

28 U.S.C. "§ 1920 defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). And the United States "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The N. Engl. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (cleaned up).

"Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920" and "are a fraction of the nontaxable expenses borne by litigants for

attorneys, experts, consultants, and investigators," such that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 563 (2012) (cleaned up). In short, "taxable costs are limited by statute and are modest in scope." *Id.*

The party seeking recovery of costs bears the "burden of justifying the necessity of obtaining the depositions and copies at issue." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). And the Court "may decline to award the costs listed in the statute but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (cleaned up). That is,

> a district court may, but is not required to, deny a prevailing party costs where suit was brought in good faith and denial is based on at least one of the following factors: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."

*Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheo v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668 at 234 (1998))).

In *Pacheo*, the Fifth Circuit "withheld judgment on whether 'any of the above factors is a sufficient reason to deny costs.'" *Smith*, 909 F.3d at 753 (cleaned up; quoting *Pacheo*, 448 F.3d at 794 n.18). But the Court of Appeals later held that a district court may not deny a prevailing party "its costs because of its comparative ability to more easily bear the costs" – a holding that "is especially applicable in the light of the 'strong presumption that the prevailing party will be awarded costs.'" *Id.* (quoting *Pacheco*, 448 F.3d at 793). And the Fifth Circuit has "never held that the

'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (citation omitted).

## Analysis

The Court's granting TU's Rule 12(c) motion as to Gore's claims in this case, made under the TDCPA and Chapter 20 of the TBCC, renders it a prevailing party, to allow recovery of attorneys' fees under the TBCC and costs under Rule 54(d)(1).

Starting with fees, TU seeks to recover $57,128.60, an amount supported by billing records attached to the declaration of its counsel; the records are supported by narrative descriptions of the work done and the number of hours that it took to complete the work (248.4 hours over approximately one year); and counsel's declaration reflects hourly rates that the undersigned finds to be reasonable and within the market rate for attorneys handling this type of litigation in the Dallas area. *See* Dkt. No. 95.

And Gore neither challenges the hourly rates nor any billing entry. *See* Dkt. No. 104.

And, so, having carefully reviewed the billing records, the undersigned finds the number of hours to be reasonable and necessary and not excessive, duplicative, or inadequately documented. And the undersigned finds that the appropriate lodestar here to be calculated as 248.4 hours at a blended hourly rate of approximately $229.99, for a total of $57,128.60.

And, while the undersigned has considered the *Arthur Andersen* factors, the

lodestar is presumed to be reasonable and should only be modified in exceptional cases. So the undersigned determines that no enhancement is warranted under the circumstances and that there are no other exceptional circumstances.

As to any need to segregate recoverable from unrecoverable fees, TU's counsel testifies that, because Gore's "claims were inseparable for Trans Union's defense of this lawsuit," "it would be impossible to segregate Trans Union's attorneys' fees and costs between defense of his causes of action under Chapter 20 of the TBCC and his other claims." Dkt. No. 95-1, ¶ 14. Gore fails to address segregation in his opposition. And the undersigned finds this sworn statement sufficient under these circumstances.

"Generally, parties seeking attorneys' fees are required to segregate their fees between recoverable and non-recoverable claims." *Wease*, 2021 WL 4991079, at *4 (citing *Chapa*, 212 S.W.3d at 311). But, while "[i]ntertwined facts alone do not make fees for unrecoverable claims recoverable," "fees need not be segregated where 'discrete legal services advance both a recoverable and unrecoverable claim.'" *Id.* (quoting *Chapa*, 212 S.W.3d at 313-14; citation omitted). Regardless, "[t]he party seeking to recover attorneys' fees bears the burden of demonstrating segregation is not required." *Id.* (citation omitted).

Even so, "[s]egregation evidence need not be extensive to be sufficient." *Anderton v. Green*, No. 05-19-01294-CV, 2021 WL 1115549, at *3 (Tex. App. – Dallas Mar. 24, 2021, no pet.) (citing *Chapa*, 212 S.W.3d at 314). And "[a]n attorney need not keep separate time records; rather, 'it is sufficient to submit to the fact-finder

testimony from a party's attorney concerning the percentage of hours that related solely to a claim for which fees are not recoverable.'" *Id.* (quoting *RM Crowe Prop. Servs. Co., L.P. v. Strategic Energy, L.L.C.*, 348 S.W.3d 444, 453 (Tex. App. – Dallas 2011, no pet.) (citing *Chapa*, 212 S.W.3d at 314).

In short, at least for this case, counsel's sworn statement is sufficient evidence as to any burden to segregate fees, particularly where the Court dismissed all claims as barred by res judicata.

The undersigned has also carefully reviewed Gore's opposition and finds that he makes no credible arguments to defeat TU's reasonable fees request.

Turning to costs, TU seeks to recover the filing fee in the district court associated with its removal ($402) and $410.17 that it paid to Veritext, LLC, related to Gore's deposition. *See* Dkt. No. 95-2. Gore raises no objections specific to these costs. And the undersigned finds that both are taxable.

Fees charged by the clerk are recoverable under Section 1920(1). And Section 1920(2) authorizes recovery of the costs of a transcript so long as, at the time that the transcript was made, it could reasonably be expected to be used during trial or for trial preparation, rather than for the mere convenience of counsel or merely for discovery. *See Allstate Ins. Co. v. Plambeck*, 66 F. Supp.3d 782, 790 (N.D. Tex. 2014).

In sum, the Court should grant TU's requests for attorneys' fees and costs in its entirety.

## Recommendation

The Court should grant Defendant Trans Union LLC's Motion for Award of

- 10 -

Attorneys' Fees and Costs [Dkt. No. 93], award TU attorneys' fees of $57,128.60 and costs of $812.17 against Plaintiff Terrence M. Gore, and deny as moot TU's motion for a hearing [Dkt. No. 101] and Gore's request for an extension [Dkt. No. 103].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 31, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE